# In the United States District Court for the Southern District of Georgia Augusta Division

```
UNITED STATES OF AMERICA,    )
                             )
v.                           )    CR 1:08-018
                             )
DERRICK C. MAULDIN,          )
                             )
     Defendant.              )
```

### ORDER

Before the Court is Defendant Derrick Mauldin's motion for early termination of supervised release. Dkt. No. 57. For the reasons below, Defendant's motion is **DENIED**.

### BACKGROUND

Pursuant to a written plea agreement, Defendant pleaded guilty to Count 1 of the Indictment, that is, possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Dkt. Nos. 15, 41. On May 8, 2008, the Court sentenced Defendant to fifty-seven months' imprisonment, followed by a life term of supervised release. Dkt. No. 41. The Court further ordered special conditions of supervision, as well as a $100 special assessment and a $10,000 fine. Id.

On or about August 19, 2011, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision. He now moves for early termination of supervision.

Dkt. No. 57. In his motion, Defendant argues he has maintained substantial compliance with all terms and conditions of supervision and has been compliant with all the requirements of the sex offender registry. Id. at 2. He has sought treatment and counseling for his behavior. Id. at 1. Defendant states he has accepted full responsibility for his actions and was demonstrably remorseful when he appeared in court. Id. Defendant also notes that, due to his good behavior while incarcerated and his completion of the Residential Drug Abuse Program, he was released after serving just over thirty-three months' imprisonment. Id. Defendant requests his supervision be terminated because "[s]ome of the conditions of supervised release have impacted his continued growth and prosperity. He desperately needs internet access and a smartphone to advance and reach his potential at his place of business." Id. at 2. Attached to Defendant's motion is a letter printed on business letterhead, wherein a representative states Defendant is assisting with a "newly formed business with intentions of establishing employment." Dkt. No. 57-1.

However, Defendant's term of supervision has not been without incident. In June 2017, U.S. Probation filed a petition to show cause why Defendant's supervision should not be revoked. Dkt. No. 45. U.S. Probation alleged Defendant committed another federal, state or local offense by possessing ammunition; it

2

also alleged Defendant had unapproved contact with a minor and that Defendant was in possession of and viewed images or videos depicting adults in the nude and/or engaged in sexual activity. Id. At a hearing on August 30, 2017, Defendant stipulated to the violations, and the Court found sufficient evidence to support revocation. See Dkt. No. 50. However, the Court decided not to revoke the term of supervised release and directed that Defendant continue supervision. Dkt. No. 51. The Court further ordered all conditions of supervision previously imposed remain in full force and effect, with the additional special condition that Defendant be monitored by location monitoring technology for six months. Id.

On May 28, 2019, U.S. Probation submitted a report to the Court which summarized another violation by Defendant. U.S. Probation reported that Defendant had accessed the Internet and viewed pornographic pictures depicting adult females in the nude while at his place of employment. Defendant resigned from his employment in lieu of termination. The Court took no action in response to the violation.

On September 12, 2022, during a field visit to Defendant's residence, U.S. Probation found DVDs which contained "crude sexual content" involving teenagers. When questioned about the DVDs' content, Defendant responded, "God forbid I see a boobie."

3

In addition to these violations, Defendant has had sporadic employment during most of his supervision term. He has been unemployed since July 8, 2023.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

While the Court commends Defendant for his efforts while under supervision, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offense of conviction. After consideration of his offense, criminal history, supervision violations, and the § 3553 factors, the Court **DENIES** Defendant's motion. Dkt. No. 57.

**SO ORDERED** this 27 day of December, 2023.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4